IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS HALSEY, #322094, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:20-cv-173-WHA-JTA |
| | ) | |
| HENRY BINFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Thomas Halsey, an indigent state inmate incarcerated at Kilby Correctional Facility when he filed the complaint.[1]  In this complaint, Halsey challenges the constitutionality of his incarceration on the sentence imposed by the Circuit Court of Houston County, Alabama on December 11, 2019.  Doc. 1 at 2; Doc. 2 at 1.  Halsey names Henry Binford, the judge who presided over his state criminal proceedings, Pat Jones, the District Attorney for Houston County, Shaun McGhee, his attorney in the criminal case, and Carla H. Woodall, the Circuit Clerk of Houston County, as defendants.  Halsey seeks a declaratory judgment, closure of his criminal case, remittance of the fines imposed and monetary damages for the alleged improper incarceration.  Doc. 1 at 4.

---

[1]The plaintiff has now been released from the state prison system.

Upon a thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II.  DISCUSSION

### A.  Claims Against Defendants

Halsey alleges that Judge Henry Binford, District Attorney Pat Jones, Houston County Circuit Clerk Carla Woodall, and his attorney, Shaun McGhee, violated his constitutional rights during the criminal proceedings which resulted in his incarceration. Doc. 1 at 2.  Specifically, Halsey complains that these defendants permitted his incarceration on a 24-month sentence when the court only imposed "a 30 day dunk." Doc. 1 at 2.

**1.  <u>Judge Henry Binford</u>.**  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted).  "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted

---

[2] This court granted Halsey leave to proceed *in forma pauperis* in this cause of action.  The court is therefore obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same).  "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

All of the allegations made by Halsey against Judge Binford emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  Judge Binford is therefore absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority).  Consequently, Halsey's claims against Judge Binford are "based on an indisputably meritless legal theory" and are therefore subject to dismissal pursuant to provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. **District Attorney Pat Jones.**  The law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").  The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process."  *Malley v. Briggs*, 475 U.S. 335, 343 (1986).  Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor "in initiating a prosecution and in presenting the State's case . . . insofar as that conduct is intimately associated with the judicial phase of the criminal process[.]"  *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

Insofar as Halsey seeks relief from the District Attorney for actions undertaken during Halsey's criminal proceedings, it is clear that these actions occurred while defendant Jones engaged in activities intimately associated with the judicial phase of the criminal

process, conduct for which he is entitled to absolute immunity.  *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493.  Thus, Halsey's claims against District Attorney Jones are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  In addition, Halsey is entitled to no declaratory relief against defendant Jones for any alleged adverse action related to the sentence imposed by the Circuit Court of Houston County, Alabama.  *See infra* at 6–9.

     **3.**   **<u>Attorney Shaun McGhee</u>.**    In the complaint, Halsey challenges the representation provided to him by Shaun McGhee during the proceedings related to his sentencing challenged in the instant complaint.  In accordance with applicable federal law, Halsey is entitled to no relief on these claims under 42 U.S.C. § 1983.

     An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . .  [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . .  [Consequently,] state action requires ***both*** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg*

*Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185
(1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents an individual in state criminal proceedings does not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also, Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").  Since the representation by counsel about which Halsey complains was not committed by a person acting under color of state law, the § 1983 claims presented against defendant McGhee lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

**4.  Houston County Clerk Carla H. Woodall.**  As for defendant Woodall, it is clear that as court clerk she had no personal involvement in the imposition of sentence about which Halsey complains.  The law is well-settled that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that there is no liability under § 1983 "on the basis of respondeat superior or vicarious liability."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to

hold an official liable under either a theory of respondeat superior or vicarious liability). Thus, Halsey presents no valid basis for liability against defendant Woodall as she did not personally participate or have any involvement in the sentence imposed against him, *Cottone*, 326 F.3d at 1360, and any claim against her is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as the complaint fails to state a claim against her on which relief may be granted.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Henry Binford, Pat Jones, Shaun McGhee and Carla H. Woodall seeking relief for actions related to an order issued by the Circuit Court of Houston County, Alabama during state criminal proceedings be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2.  This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

The plaintiff may file objections to this Recommendation on or before **April 9, 2020**.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall

"waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 25th day of March, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE